## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **EDWIN KENNER LYON,** | ) | |
| **ID # 1463298,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:18-CV-636-G-BH** |
| | ) | |
| **SGT. BOBBY GRAY,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Motion for Leave to File an Amended Complaint*, received September 20, 2018 (doc. 11). Based on the relevant filings and applicable law, the motion should be construed as a motion for leave to reopen and to amend, and it should be **DENIED**.

## I. BACKGROUND

On , 2018, Edwin Kenner Lyon (Plaintiff), a prisoner in the Texas Department of Criminal Justice Unit, filed this action against Waxahachie Police Sergeant Bobby Gray (Defendant), alleging violation of his civil rights. (*See* doc. 3 at 3-4.)[1]

On December 1, 2006, Defendant signed an affidavit for an arrest warrant for Plaintiff, stating that he had been contacted by Child Protective Services regarding a possible sexual assault on a five-year-old child. (*Id.* at 7-8.) A few days later, on November 20, 2006, he watched an interview of the child during which she described being assaulted "a lot on more than one day" by her "dad's dad," Plaintiff, at his house. (*Id.*) The police incident report states that

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the child said the assaults occurred at "her Nana's house." (*Id.* at 6.)  A magistrate found

probable cause based on the affidavit, Plaintiff was arrested and charged with indecency with a

child, a jury convicted him of the offense on July 19, 2007, and he was sentenced to twenty

years. (*See id.* at 8; doc. 5 at 3, 5-7.)[2]  Plaintiff claims that Defendant altered his granddaughter's

statement by stating that the assaults had happened at his house instead of at Nana's (her

maternal grandmother), there were numerous people at Nana's house who could have committed

the crime, and he was blamed without any investigation. (doc. 3 at 3-4; doc. 5 at 1, 4-7.)

On September 10, 2018, Plaintiff filed a request to withdraw his lawsuit without

prejudice, which was construed as a notice of voluntary dismissal under Fed. R. Civ. P.

41(a)(1)(A)(i), and the case was terminated. (*See* docs. 9, 10.)  He now seeks leave to amend his

complaint in the closed case. (*See* doc. 11.)  His proposed amended complaint appears to allege

that Defendant committed perjury. (*See* doc. 11-1.)

## II.  RULE 59(e)

Because his case has been voluntarily dismissed, and Plaintiff's motion has been filed

within twenty-eight days from the date of dismissal, it is liberally construed as a motion to alter

or amend judgment under Fed. R. Civ. P. 59(e). *See McGrew v. McQueen,* 415 F. App'x 592,

594-95 (5th Cir. 2011) (liberally construing *pro se* motion to reopen case that had been

voluntarily dismissed filed within twenty-eight days of dismissal as arising under Rule 59(e));

*see also Eleby v. Am. Medical Sys., Inc.*, 795 F2d 411, 412 (5th Cir. 1986) (reviewing motion to

reopen case that had been voluntarily dismissed under Rule 41(b) as arising under Rule 60(b)

because it was filed outside of the time limits for Rule 59(e)); *Kareem v. Am. Home Mort.*

---

[2]  Plaintiff's answers to the a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

*Holdings, Inc.*, No. 3:09-CV-2189-M-BF, 2010 WL 1460050, *1 (N.D. Tex. Mar. 15, 2010) (reviewing motion to reopen a case that had been voluntarily dismissed under Rule 41(b) as arising under both Rule 60(b) and Rule 59(e)).

 To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in the controlling law; (2) the newly discovered evidence that was previously unavailable; or (3) a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.,* 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Nor is it a vehicle for arguing a case under a new legal theory. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Templet,* 367 at 479, 483. When considering a Rule 59(e) motion, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

 Here, Plaintiff does not allege new evidence or a change in the law as a reason for reopening his case, and he has not demonstrated a manifest error of law or fact. He seems only to pursue a new legal theory. Any motion to alter or amend the judgment should therefore be denied. *Simon*, 891 F.2d at 1159; *Kareem*, 2010 WL 1460050, at *1.

### III.  RULE 60(b)

 To the extent that Plaintiff's request to reopen his case may be liberally construed as

seeking relief under Rule 60(b), it is also subject to denial.

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6). Courts have jurisdiction to vacate a voluntary dismissal under Rule 60(b). *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359-363 (5th Cir. 2013).

Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Its availability is "narrowly circumscribed," however, and "relief 'will be granted only if extraordinary circumstances are present.'" *Yesh Music*, 727 F.3d at 363 (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). "Rule

60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id.* (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir.1993). Courts "should be particularly hesitant to grant Rule 60(b) relief where the plaintiff seeks relief from his or her voluntary actions, even where those actions were based on a misapprehension of the law." *Kareem*, 2010 WL 1460050, at *1 (citing *In re Pettle*, 410 F.3d 189, 192-93 (5th Cir. 2005)).

Here, Plaintiff has not alleged any extraordinary circumstances, and any motion under Rule 60(b) should be denied. *See Rogers v. Boatright,* 670 F. App'x 386 (5th Cir. 2016) (affirming denial of motion to reopen under Rule 60(b)(6) a civil rights case that had been voluntarily dismissed due to the plaintiff's illness).

## IV.  RULE 15(a)

Even if Plaintiff had met his burden to show that the case should be reopened under either Rule 59(e) or Rule 60(b), his motion for leave to amend is still subject to denial.

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave, however, if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178,

182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, amendment would be futile for several reasons. First, Plaintiff's claims arise from an affidavit that was signed in 2006. The statute of limitations for a §1983 case in Texas is two years. *Winfrey v. Rogers*, __F.3d.__, 2018 WL 3976939, at * (5th Cir. Aug. 20, 2018). It "begins to run when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). The 2006 affidavit was the basis for Plaintiff's arrest, so he had sufficient information to know at that time of his alleged injury. Even if he didn't become aware of the injury until his conviction in 2007, his claims are still time-barred.

Second, under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck* applies to claims seeking declaratory and injunctive relief, as well as claims for damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998)). A claim that falls under *Heck* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102

(5th Cir. 1996). Plaintiff's attack on the affidavit supporting the arrest warrant essentially questions the validity of his conviction. His filings make clear that it has not been reversed, expunged, invalidated, or called into question, so his claims are *Heck*-barred.

Finally, to the extent that Plaintiff's proposed amended complaint seeks to have Defendant criminally prosecuted, private citizens cannot enforce criminal statutes in a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Nor does a citizen have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Because allowing Plaintiff to amend his complaint as proposed would be futile, his motion for leave to amend is subject to denial for this reason.

## V. RECOMMENDATION

Plaintiff's motion to reopen the case and for leave to amend his complaint should be **DENIED**.

**SO RECOMMENDED this 24th day of September, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8